hCANNELLA, J.,
dissents with reasons.
I respectfully dissent from the majority opinion, affirming the dismissal of the Plaintiffs case on the defense motion for involuntary dismissal. Upon review of the record before us, I find no evidence refuting the Plaintiffs claim that her compensation payments were improperly terminated because she had not yet completely recovered from her work related injury. Therefore, in my view, the dismissal was erroneous at this juncture of the case.
The Plaintiff claims to have been injured in a work related accident on December 23, 2001. The Plaintiff was treated by Dr. Charles Johnson, underwent tests, surgery and physical therapy, the payment for which was made by her employer’s worker’s compensation insurer. The Plaintiff was also paid weekly worker’s compensation benefits. Following her last visit to Dr. Johnson’s office, on August 5, 2002, Dr. Johnson prescribed additional physical therapy for the Plaintiff. Dr. Johnson changed the physical therapist to one who provided transportation, because the Plaintiff was having trouble attending physical therapy due to transportation problems. Dr. Johnson also scheduled another MRI for the Plaintiff. The Plaintiff was scheduled by the doctor’s office for a follow up visit on August 28, 2002. The Plaintiff did not go to the doctor’s office for that appointment. The testimony at trial indicates that she had not been informed of the appointment. Nevertheless, Dr. Johnson appears to have been angered by the fact | ¿that she did not attend the appointment as reflected in his notes following that appointment:
At this point, due to the patient’s noncompliance, both with physical therapy and in my office, I am discharging her from my care. I will not be making return appointments for her unless I am specifically contacted by the adjuster. I am also putting in a charge for this visit.
On September 8, 2002, the employer’s insurer faxed a questionnaire to Dr. Johnson asking him if the patient could return to work without restrictions. Without again examining or speaking to the patient or consulting with the physical therapist to which she had been sent by the doctor on her last visit, Dr. Johnson answered the insurer’s question affirmatively. On September 18, 2002, the insurer notified the Plaintiff that her worker’s compensation benefits were being terminated.
The Plaintiff filed a Disputed Claim for Compensation arguing that her benefits were wrongfully terminated because she had not reached full recovery, she still had pain and lack of mobility in her shoulder and was not capable of returning to work. The Plaintiff testified in accord with her position that she remained in severe pain and with limited mobility and her husband corroborated her testimony. The physical therapist testified that the reported subjective pain was 10 out of 10, or most severe, and on the mobility test the Plaintiff scored only a 3 out of 5. With only this evidence in the record, the worker’s compensation judge granted the defense motion for involuntary dismissal. In my view this was manifestly erroneous.
The only evidence in the record, other than Dr. Johnson’s conclusions, was that the Plaintiff was still in severe pain, had mobility limitations and was not capable of returning to her duties as a hotel room *715 cleaning person. Dr. Johnson’s conclusion that the Plaintiff could return to work without restrictions was based on Rthe Plaintiffs missed appointment and not on an examination of the patient. The last time the doctor examined the patient he found that she was in need of further physical therapy. Then, without a follow up examination, he changed his diagnosis, because of a missed visit, to conclude that the patient could return to work. In my view, the doctor’s conclusion, internally inconsistent, contradicted by his own opinion following the last examination, and with no factual basis, was insufficient to supply the evidence for the involuntary dismissal of the Plaintiffs case. The defendant bears the burden of proof. While the Plaintiffs sporadic attendance at physical therapy and a missed doctor’s appointment may, with the proper proof, supply grounds to reduce her benefits on that basis, evidence of a missed doctor’s appointment, which may well have not been her fault, does not suffice to rebut the Plaintiffs case in chief and justify an involuntary dismissal. In my view, the ruling granting the involuntary dismissal should be reversed and the case remanded for the remainder of the trial on the merits.